Patricia Ann McGuin et al.

v.

Mount Vernon Nursing
Center Associates, L.P., et al.

April 21, 1998

Case No. (Law) 160037

BY JUDGE MICHAEL P. MCWEENY

The Court has received and reviewed Mount Vernon Nursing Center's Motion for Reconsideration with attached Memorandum. For the reasons stated below, the motion is denied.

As set forth in the Memorandum, this court long has held that an incident report is not a "medical record" and is prepared for the purposes of risk management, not medical treatment. Typically, that places these documents in the areas of work product or "prepared in anticipation of litigation," and, thus, not discoverable in most cases. Work product is not absolutely privileged, however. Where, as here, the document constitutes a source of information relevant to the inquiry which is not reasonably discoverable from other sources, it may be ordered produced.

The Court has received testimony from the Plaintiff's expert that Ms. Rodgers' fracture resulted from trauma *prior to* the fall documented in the patient's chart. From other testimony and argument, it is clear that incident reports are prepared whenever there is a fall, and thus they would constitute the only reasonable source of facts to challenge or corroborate the expert's contention. Second Request No. 16 is appropriate under the facts of this case.

It is true that there is neither an allegation of a pattern of negligence nor a claim for punitive damages in this case in its current posture. Subsequent to the Medical Malpractice Review Panel, however, the Plaintiff has expressed

concern that the disclosure of an undocumented fall may result in changes in the claims. Having determined the discoverability of the incident reports as stated above and being satisfied that the request is reasonably calculated to lead to the discovery of admissible evidence, the Court finds Second Request No. 17 to be appropriate.